UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRENCE LECADRE,                :
    Plaintiff                :
                                 :
    v.                       :   CIVIL NO. 1:99-CV-787
                                 :
CITY OF HARRISBURG, *et al.*,    :
    Defendants               :
                                 :

*O R D E R*

*THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:*

    *Pro se* Plaintiff Terrence LeCadre has filed a motion asking this court to re-open his discrimination suit against the city of Harrisburg and various local firefighter unions based on the recent indictment of former mayor Stephen Reed.  (Doc. 166). Specifically, Plaintiff claims that he was "the target of a vendetta by [the former mayor] and Pennsylvania Court of Common Pleas Judge Joseph H. Kleinfelter . . ." who attempted to obstruct Plaintiff's lawsuit by preventing him from presenting evidence of racial discrimination against African American firefighters.  Plaintiff seeks punitive damages and eighteen years of lost wages.

    We will construe this filing as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b).  Under Rule 60(b),

> the court may relieve a party or its legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5)

> the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b)(1)-(6). "A motion made under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c)(1).

We granted summary judgment in favor of Defendants on July 5, 2000. (Doc. 150). The instant motion was filed on July 22, 2015. (Doc. 166). Thus, to the extent that Plaintiff is basing his motion on "mistake, inadvertence, surprise, . . . excusable neglect . . . newly discovered evidence . . . fraud . . . misrepresentation, or misconduct by an opposing party," the motion is untimely. Additionally, Plaintiff does not argue that the judgment is void; that it has been satisfied, released, or discharged; or that applying it prospectively is no longer equitable. The only possible basis for Plaintiff's motion, then, lies in the catchall provision of Rule 60(b)(6), which is "any other reason that justifies relief."

Notably, even this provision is subject to a time-restraint: the rule states that the motion must be filed within a reasonable time. "What constitutes a 'reasonable time' depends on the circumstances of each case. A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." In re: Diet Drugs, 383 F. App'x 242, 246 (3d Cir. 2010) (nonprecedential). This motion was filed after a significant delay. The reason for this delay is presumably that Plaintiff did not decide to

file such a motion until Reed was formally indicted.  However, even if we found that Reed's recent indictment constitutes extraordinary circumstances that excuse the delay, Plaintiff has given absolutely no explanation as to why Reed's indictment should trigger the re-opening of this lawsuit, which was resolved more than fifteen years ago.  For these reasons, the motion fails.

      ACCORDINGLY, this 28th day of July, 2015, upon consideration of Plaintiff's motion to re-open the judgment (Doc. 166), it is ORDERED that said motion is DENIED.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge